UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAMELA WILLIAMS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, HSBC NORTH AMERICA HOLDINGS, HSBC – NORTH AMERICA (U.S.) CONSOLIDATED HEALTH AND WELFARE PLAN,<br><br>　　　　　　　Defendant. | Case No. 2:11-cv-01914-MMD-CWH<br><br>ORDER<br><br>(Def. HSBC North America Holdings Inc.'s Motion to Dismiss – dkt. no. 28;<br>Def. Liberty Life Assurance Company's Motion to Dismiss – dkt. no. 30) |

**I.  SUMMARY**

Before the Court are Defendant HSBC North America Holdings Inc.'s and Defendant Liberty Life Assurance Company's Motions to Dismiss.  (Dkt. no. 28, 30.)  For reasons discussed below, both Motions are denied.

**II.  BACKGROUND**

This is an ERISA action for collection of benefits under a short term and long term disability policy.  Plaintiff alleges the following facts in her Complaint:

Plaintiff Pamela Williams ("Plaintiff") was employed by Defendant HSBC North America Holdings ("HSBC").  HSBC sponsored, subscribed to, and administered the Defendant HSBC – North America (U.S.) Consolidated Health and Welfare Plan (the "STD Plan"), an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1).  The STD Plan was self-insured with benefits paid by HSBC from the regular

pay cycle. HSBC delegated the administration and determination on claims under the STD Plan to Defendant Liberty Life Assurance Company of Boston ("Liberty"). In addition, HSBC had a Long Term Disability Plan (the "LTD Plan") which Liberty both insured and administered.

Due to a serious medical condition, Plaintiff became disabled and was unable to continue working. Incident to her employment, Plaintiff was a covered employee under the STD Plan as well as the LTD Plan. Plaintiff applied for benefits under the STD Plan and was denied. Plaintiff properly appealed the decision through Liberty. In reviewing Plaintiff's claim, Liberty ignored Plaintiff's evidence, failed to adequately investigate, and colluded with an unqualified physician to obtain a favorable determination on the medical record review. As a result, Liberty denied Plaintiff's appeal as well. Because the receipt of benefits under the STD Plan was a pre-requisite for receiving benefits under the LTD Plan, the denied appeal also automatically disqualified Plaintiff for benefits under the LTD Plan after the applicable time period.

Plaintiff brought this suit on November 29, 2011, alleging a violation of Section 502(a)(1)(B) of the Employee Retirement Income Savings Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Both HSBC and Liberty moved to dismiss arguing that they are not proper parties for an action under § 1132(a)(1)(B). For the reasons discussed below, both motions are denied.

**III.   DISCUSSION**

    **A.   Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is proper when the complaint does not contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In analyzing the sufficiency of the factual matter, a district court must accept as true all

well-pled factual allegations in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice and legal conclusions are not entitled to the assumption of truth. *Id.* at 678. Ultimately, where the complaint does not permit the court to infer more than the mere possibility of misconduct and the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570. Contrarily, a complaint survives a motion to dismiss when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

**B.    Analysis**

HSBC and Liberty argue that ERISA only authorizes suits against the benefits plan or the plan administrator. Consequently, as the employer and administrative service provider, respectively, HSBC and Liberty are improper parties and must be dismissed from the action. However, HSBC and Liberty misconstrue the law.

"[P]otential liability under 29 U.S.C. § 1132(a)(1)(B) is not limited to a benefits plan or the plan administrator." *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011). Rather, any party against whom a plaintiff may recover benefits or enforce her rights under the terms of the plan is a "logical defendant." *Id.* "Logical defendants" include those entities that have either authority to resolve, or any responsibility to pay, benefit claims. *See id.*; *Metcalf v. Blue Cross Blue Shield of Michigan*, No. 3:11-cv-1305-ST, 2012 WL 2012749, at *4 (D. Or. Apr. 20, 2012). Nonetheless, any money judgment is only enforceable against such an entity when a plaintiff establishes liability in the entity's individual capacity. 29 U.S.C. § 1132(d)(2).

Here, the Complaint alleges that Liberty had the authority to resolve benefit claims, and that both Liberty and HSBC had responsibility to pay benefit claims. Further, the Complaint alleges that Liberty wrongfully denied Plaintiff's claim and, as a result, Liberty and HSBC withheld the payment of benefits both were obligated to provide to the

///

Plaintiff. Thus, taking the alleged facts as true, both HSBC and Liberty are logical defendants liable in their individual capacities and proper parties to this action.

Liberty additionally argues that Plaintiff's claims for unpaid benefits under the LTD Plan should be dismissed because Plaintiff failed to submit a claim for determination. Although ERISA typically requires the exhaustion of administrative remedies, "when resort to the administrative route is futile" "a court is obliged to exercise its jurisdiction and is guilty of an abuse of discretion if it does not." *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980) (citing *Winterberger v. General Teamsters Auto Truck Drivers and Helpers Local Union*, 558 F.2d 923, 925 (9th Cir. 1977)).

Here, the Complaint alleges that receipt of benefits under the STD plan was a requisite qualification for any benefits under the LTD Plan. Thus, a wrongful denial of benefits under the STD Plan automatically precluded a determination of eligibility under the LTD Plan and the submission of a claim was futile. Therefore, Plaintiff properly pleaded the claim for benefits under the LTD Plan.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant HSBC North America Holdings Inc.'s Motion to Dismiss (dkt. no. 28) is DENIED.

IT IS FURTHER ORDERED that Defendant Liberty Life Assurance Company's Motion to Dismiss (dkt. no. 30) is DENIED.

DATED THIS 24th day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE